IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DAVID ROZINEK, an individual,

       Plaintiff,

v.

BRUNKE'S RENTALS, INC., d/b/a SPIRIT LAKE
RENTALS and
JOHN DOE, an individual,

       Defendants.

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Brunke's Rentals, Inc., d/b/a Spirit Lake Rentals ("BRI") hereby removes this action from District Court, Grand County, Colorado (Case No. 2019-CV-30038) to the United States District Court for the District of Colorado on the ground that there exists federal question jurisdiction under 28 U.S.C. § 1331. In support of removal, Defendant states as follows:

## BACKGROUND

1. On May 23, 2019, Plaintiff David Rozinek ("Plaintiff") filed a Complaint and Jury Demand ("Complaint") against BRI and a second unnamed defendant, John Doe ("Doe"), in District Court, Grand County, Colorado ("Case No. 2019-CV-30038"). *See* **Exhibit A** (Complaint).

2. Plaintiff served BRI with the Complaint on May 29, 2019. *See* **Exhibit B** (Return of Service Upon Brunke Rentals, Inc.).

3. Plaintiff has not served Doe. *See* **Exhibit C** (Docket for Case No. 2019-CV-30038).

4. Plaintiff alleges causes of action for negligent entrustment (against BRI) and negligence (against Doe) for personal injuries and property damage resulting from a collision which occurred on County Road 4 in Grand County. *See* **Exhibit A** at ¶¶ 6, 15-28.

5. The collision at issue occurred on a portion of County Road 4 located within the Arapaho National Forest.

## GROUNDS FOR REMOVAL

### I. REMOVAL IS TIMELY

6. This Notice of Removal is filed within thirty (30) days after service of the Complaint on BRI, which occurred on May 29, 2019. *See* **Exhibit B.**

7. No other defendants have yet been served with the Complaint. *See* **Exhibit C**.

8. Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("[D]efendant's period for removal will be no less than 30 days from service").

## II. FEDERAL QUESTION JURISDICTION EXISTS BECAUSE THIS ACTION ARISES FROM INCIDENTS OCCURRING IN A FEDERAL ENCLAVE

### A. This Court Has Federal Question Jurisdiction over Actions Arising from Incidents Occurring in Federal Enclaves

9. "The United States has power and exclusive authority 'in all Cases whatsoever . . . over all places purchased' by the government 'for the erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings.'" *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) (quoting U.S. Const. art. I, § 8, cl. 17); *see also Kleppe v. New Mexico*, 426 U.S. 529, 542 n. 11 (1976) ("The Clause has been broadly construed, and the acquisition . . . for any legitimate governmental purpose beyond those itemized is permissible."). "Such places are 'federal enclaves' within which the United States has exclusive jurisdiction." *Akin*, 156 F.3d at 1034. "Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." *Id.*

### B. This Action Arises from Incidents Occurring in a Federal Enclave

10. "A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (quoting 28 U.S.C. §§ 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* As a result, "courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* (quoting H.R. Rep. No. 100-889, p. 71) (alteration in original).

### 1. *The Arapaho National Forest Is a Federal Enclave*

11. "A federal enclave is created when a state cedes jurisdiction over land within its borders to the federal government and Congress accepts that cession." *Allison v. Boeing Laser Tech. Srvcs.*, 689 F.3d 1234, 1235 (10th Cir. 2012). "These enclaves include . . . some national forests . . . . *Id.*

12. The Arapaho National Forrest is a federal enclave. Colorado consented to the federal government's "purchase" of the Arapaho National Forest within the meaning of Article I, Section 8, Clause 17 of the Constitution. *See* C.R.S. § 3-1-101 ("The consent of this state is hereby given to the . . . purchase by the United States of such other lands within this state as its authorities may from time to time select for the erection of forts, magazines, arsenals, and other needful buildings."). Colorado also ceded exclusive jurisdiction over such lands to the federal government. *See* C.R.S. § 3-1-103 ("Exclusive jurisdiction in and over any land so acquired by the United States shall be and the same is hereby ceded to the United States for all purposes . . . ."). The federal government "purchased" the land comprising the Arapaho National Forest within the meaning of Article I, Section 8, Clause 17 of the Constitution by President Theodore Roosevelt's 1908 Executive Order establishing the Arapaho National Forest. Executive Order 893 (July 1, 1908). For lands acquired prior to 1940, the federal government's acceptance of jurisdiction is presumed. *United States v. Gabrion*, 517 F.3d 839, 848 (6th Cir. 2008).

### 2. *This Action Arises from Incidents Occurring in the Arapaho National Forest*

13. In this case, Plaintiff seeks redress for alleged personal injuries and property damage resulting from a collision which occurred on County Road 4 in Grand County. *See*

**Exhibit A ¶¶** 6, 15-28. The collision at issue occurred on a portion of County Road 4 located within the Arapaho National Forest.

*****

14.     Thus, Plaintiff's present action "arise[s] from incidents occurring in a federal enclave." *Akin*, 156 F.3d at 1034. As a result, federal question jurisdiction exists.

## VENUE

15.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b) and 1446(a).

## PROCESS, PLEADINGS, AND ORDERS SERVED

16.     As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of service of process, pleadings, and orders filed in Case No. 2019-CV-30038 are being provided along with this Notice of Removal.

## NOTICE OF REMOVAL

17.     Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal, filed contemporaneously in the State Court Action, is attached hereto as **Exhibit D**.

## NO WAIVER

18.     No waiver, and no admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## **CONCLUSION**

19. For the reasons set forth above, Defendant removes this action to the United States District Court for the District of Colorado.

Dated: June 28, 2019

Respectfully submitted,

*s/ Daniel N. Guisbond*
Evan Bennett Stephenson
Daniel N. Guisbond
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:   303.244.1800
Facsimile:   303.244.1879
Email:   stephenson@wtotrial.com
              guisbond@wtotrial.com

*Attorneys for Defendant Brunke's Rentals, Inc. d/b/a Spirit Lake Rentals*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on June 28, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Steven G. York**
  syork@dvnrlaw.com

- **Martin J. Plank**
  mplank@dnvrlaw.com

*s/ Claudia Jones for Daniel N. Guisbond*